IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>MARTIN NORIEGA-NAVARRO,<br><br>              Defendant. | **8:09CR212**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 119) filed by the Defendant, Martin Noriega-Navarro. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Noriega-Navarro pleaded guilty to Counts I, II, VIII, X, and XIII of the Second Superseding Indictment charging him with conspiracy to distribute and possess with intent to distribute actual methamphetamine (Count I), being a felon in possession of a firearm (Count II), selling firearms to a felon (Count VIII), and criminal forfeiture (Counts X and XIII). His plea agreement included the following appeal waiver:

> 12.    The Defendant hereby knowingly and expressly waives any and all rights to appeal the Defendant's conviction and sentence in this

> case, including a waiver of all motions, defenses, and objections which the Defendant could assert to the charges or to the Court's entry of Judgment against the Defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, with the exception of the Court's ruling on any objection to the Presentence Investigation Report or terms and conditions of supervised release.

(Filing No. 57, ¶ 12.)

The plea agreement set out the statutory penalties, including the maximum life penalty for Count I. The plea petition,[1] completed under oath, stated: Noriega-Navarro was satisfied with his attorney's[2] performance and had no objections to his representation; he understood his constitutional rights, including the right to proceed to a jury trial; the sentence would be solely a matter for the judge to decide; he understood the statutory minimum and maximum penalties; he was not guaranteed that his sentence would be within a guideline range; he voluntarily pleaded guilty; no officer, attorney or agent promised, suggested or predicted he would receive a lighter sentence or any form of leniency for pleading guilty; he wanted no other information before pleading guilty; his attorney reviewed all questions and answers in the petition; and he understood all of the questions in the petition.

At the change of plea hearing before U.S. Magistrate Judge F.A. Gossett, after being placed under oath Noriega-Navarro stated: he understood the nature of the

---

[1] Although Dr. Jeck Navarrete did not sign the plea petition, defense counsel testified at the change of plea hearing that Dr. Navarrete read the petition and assisted defense counsel in clarifying portions of the petition for Noriega-Navarro. Noriega-Navarro agreed the procedure as described was followed. Defense counsel also described Dr. Navarrete's participation in reviewing the plea agreement with Noriega-Navarro. Similarly, Noriega-Navarro agreed the described procedure was followed.

[2] Assistant Federal Public Defender represented Noriega-Navarro. Additionally, Assistant Federal Public Defender Jeffrey Thomas entered his appearance on January 15, 2010, approximately 3 weeks before sentencing.

2

charges and the statutory penalties, including the maximum life penalty for Count I; his attorney talked with him about the sentencing guidelines; the Court is not required to follow the sentencing guidelines; he waived his right to appeal, absent certain exceptions; his answers in the plea petition were truthful; he had no additional questions at the time of the hearing; and he understood his constitutional rights, including the right to a jury trial. A federally certified Spanish interpreter assisted at the change of plea hearing.

Noriega-Navarro filed objections to the Presentence Investigation Report ("PSR") that were denied in the Tentative Findings. The Court stated in the Tentative Findings how its tentative findings could have been challenged; however, no objections to the Tentative Findings were filed. No objections were raised at the sentencing hearing.

The Court sentenced Noriega-Navarro to 210 months on Count I, and to concurrent sentences of 120 months each on Counts II and VIII. The same federally certified Spanish interpreter assisted at sentencing. The Judgment was filed on February 11, 2010. On April 18, 2012, Noriega-Navarro placed in the prison mail system a notice of appeal and a motion for leave to file the notice of appeal out of time. This Court denied the motion as untimely, noting that under Federal Rule of Appellate Procedure 4(b)(4) even if the Court found excusable neglect or good cause for not filing a notice the appeal deadline could only be extended 30 days from the original deadline. The Eighth Circuit dismissed the appeal as untimely. The § 2255 motion followed.

## DISCUSSION

Noriega-Navarro argues that his attorney was ineffective for failing to: file a notice of appeal as directed by Noriega-Navarro "[a]fter learning about the 210 month

sentence"; advise him appropriately during plea negotiations regarding the sentence length, specifically of the possibility of a 210-month sentence; counsel him regarding the option of going to trial; and explain the sentencing guidelines.

In order to establish ineffective assistance of counsel, Noriega-Navarro must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

**Right to Appeal**

With respect to his right to appeal, Noriega-Navarro is not required to show that an appeal would have had merit. *Parsons v. United States*, 505 F.3d 797, 798 (8th Cir. 2007). The record includes no information indicating that a right to appeal was discussed between Noriega-Navarro and his attorney. Therefore, the government will be required to answer this claim.

**Advice During Plea Negotiations**

Noriega-Navarro argues that he was incorrectly advised during plea negotiations of the potential sentence. However, the plea agreement, plea petition, and transcript of the change of plea hearing show that Noriega-Navarro was adequately advised by his attorney of the potential of even a life sentence and that he understood the penalties he faced.

**Right to a Trial**

Noriega-Navarro states that his attorney was ineffective for not advising him of his constitutional right to a trial. Again, the plea agreement, plea petition, and transcript of the change of plea hearing show that Noriega-Navarro was adequately advised and understood his constitutional right to a trial.

**Sentencing Guidelines**

Noriega-Navarro argues that his attorney failed to explain the application of the sentencing guidelines. However, the transcript of the change of plea hearing shows that Noriega-Navarro stated under oath that his attorney explained the sentencing guidelines to him.

## CONCLUSION

The government will be required to answer the claim regarding alleged ineffective assistance of counsel with respect to the filing of a notice of appeal. The remaining claims are summarily denied because the record clearly shows that Noriega-Navarro cannot prove either *Strickland* prong and is not entitled to relief with respect to those claims.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 119);

2. On or before October 11, 2012, the United States shall file an Answer to the claim addressing the filing of a notice of appeal and support its Answer with a brief;

3. On or before November 13, 2012, the Defendant may file a responsive brief;

4. The Court summarily dismisses all remaining claims in the Defendant's § 2255 motion; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 11th day of September, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge