IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>MARTIN NORIEGA-NAVARRO,<br><br>　　　　　　　Defendant. | 8:09CR212<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the merits of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 119) filed by the Defendant, Martin Noriega-Navarro, the Defendant's motion for leave to proceed in forma pauperis (Filing No. 122), and the government's motion to dismiss (Filing No. 125) and supporting brief (Filing No. 126). On initial review, the Court required the government to answer the claim regarding the filing of a notice of appeal and summarily dismissed the other claims. (Filing No. 123.)

## FACTUAL BACKGROUND

Noriega-Navarro pleaded guilty to Counts I, II, VIII, X, and XIII of the Second Superseding Indictment charging him with conspiracy to distribute and possess with intent to distribute actual methamphetamine (Count I), being a felon in possession of a firearm (Count II), selling firearms to a felon (Count VIII), and criminal forfeiture (Counts X and XIII). His plea agreement included the following appeal waiver:

> 12.　The Defendant hereby knowingly and expressly waives any and all rights to appeal the Defendant's conviction and sentence in this case, including a waiver of all motions, defenses, and objections which the Defendant could assert to the charges or to the Court's entry of Judgment against the Defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, with the exception of the Court's ruling on any

> objection to the Presentence Investigation Report or terms and conditions of supervised release.

(Filing No. 57, ¶ 12.)

Noriega-Navarro filed objections to the Presentence Investigation Report ("PSR") that were denied in the Tentative Findings. The Court stated in the Tentative Findings how its tentative findings could have been challenged; however, no objections to the Tentative Findings were filed. No objections were raised at the sentencing hearing.

The Court sentenced Noriega-Navarro to 210 months on Count I, and to concurrent sentences of 120 months each on Counts II and VIII. The Judgment was filed on February 11, 2010. On April 18, 2012, Noriega-Navarro placed in the prison mail system a notice of appeal and a motion for leave to file the notice of appeal out of time. This Court denied the motion as untimely, noting that under Federal Rule of Appellate Procedure 4(b)(4), even if the Court found excusable neglect or good cause for not filing a notice the appeal, the deadline only could be extended 30 days from the original deadline. The Eighth Circuit dismissed the appeal as untimely. The § 2255 motion followed. As its response, the government filed a motion to dismiss.

## DISCUSSION

Noriega-Navarro argues that his attorney was ineffective for failing to: file a notice of appeal as directed by Noriega-Navarro "[a]fter learning about the 210 month sentence," and the Court ordered the government to respond to that claim.

The government responded by filing a motion to dismiss the § 2255 action, arguing that the one-year limitations period for filing a § 2255 motion ran and the Defendant did not diligently pursue his rights and therefore is not entitled to equitable tolling.

28 U.S.C. § 2255 states:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, generally § 2255(f)(1) applies and a § 2255 motion must be filed within one year after the conviction becomes final. In Noriega-Navarro's case, his Judgment was filed on February 11, 2010. His notice of appeal was due on February 25, 2010. Therefore, his § 2255 motion would be timely if filed within one year of February 25, 2010.

**I.**    **The Government's Position**

In the government's brief in support of its motion to dismiss, the government relies on *Anjulo-Lopez v. United States*, 541 F.3d 814 (8th Cir. 2008). Anjulo-Lopez was sentenced on November 18, 2005, and did not file a direct appeal. He filed his § 2255 motion on March 5, 2007, alleging that his attorney was ineffective for failing to file a notice of appeal when he had been directed to do so. Anjulo-Lopez alleged the following:

3

> (1) based on a conversation with his attorney, he believed for some time that an appeal had been filed on his behalf and waited to hear from his attorney; (2) after some time passed with no word, another inmate suggested that no appeal had been filed; (3) Anjulo-Lopez then sent a certified letter to his attorney, requesting copies of the record; and (4) his attorney responded by sending a copy of the judgment and commitment order.

*Id.* at 815.

Anjulo-Lopez then discovered that no appeal had been filed, and he filed his § 2255 motion. The government moved to dismiss his motion as untimely, arguing that Anjulo-Lopez showed neither extraordinary circumstances nor diligent pursuit of his claims required to invoke the doctrine of equitable tolling. Anjulo-Lopez responded, arguing that he discovered no appeal had been filed after the one-year filing period for his § 2255 motion had passed. *Id.* at 816. He argued that he had been transported and unable to communicate with anyone during that time; he thought he was supposed to wait for his attorney to contact him; and by the time he contacted his attorney the § 2255 deadline had passed. He also argued that his lack of facility in the English language and lack of access to a law library were relevant factors. The government responded, noting that Anjulo-Lopez did not contact his attorney until after his § 2255 deadline had passed. *Id.*

The Eighth Circuit referred to § 2255(f)(4) which allows the filing of a § 2255 motion within one year of the date when the facts supporting the claims presented could have been discovered by due diligence. In light of § 2255(f)(4), the Eighth Circuit granted a certificate of appealability to determine whether the district court should have held an evidentiary hearing to decide when the facts supporting Anjulo-Lopez's claim that his attorney failed to file an appeal could have been discovered through due diligence. The circuit court noted that a § 2255 petitioner is not entitled to an evidentiary

4

hearing when the claim is inadequate on its face or if the record "'affirmatively refutes the factual assertions upon which it is based.'" *Id.* at 817 (quoting *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007)).

Anjulo-Lopez did not contest that his motion was filed more than one year after his conviction became final. He argued that the one year should have run in his case from the date a duly diligent person in his circumstances would have discovered that his attorney did not file a notice of appeal. He requested an evidentiary hearing to determine when a duly diligent person would have made that discovery in his case and whether his § 2255 motion was filed within one year of that date. *Id.*

The Eighth Circuit concluded that an evidentiary hearing was not necessary because a duly diligent person would have discovered that no appeal had been filed "well over a year before he filed his motion." *Id.* at 818. Specifically, the Eighth Circuit stated:

> To be sure, section 2255 "does not require the maximum feasible diligence, only due, or reasonable, diligence." "Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." But, it does at least require that a prisoner make reasonable efforts to discover the facts supporting his claims.
>
> Here, we think it clear that Anjulo-Lopez did not use reasonable efforts to discover the facts underlying his claim. Between his original petition and his response to the government's motion to dismiss, Anjulo-Lopez merely alleged that (1) he "was not able to communicate with anyone" during the first five months after sentencing, due to repeated transfers; (2) he thereafter believed an appeal had been filed and "all that was required of him [ ] was [to] wait"; (3) at some point, he began to suspect that no appeal had been filed and "sent a certified/registered letter to [his attorney] requesting copies of the record" (but not, apparently, directly asking whether an appeal had been filed); and (4) "[his attorney] sent a copy of the Judgment and commitment Order;" but (5) by the time he finally attempted to contact his attorney, "[his] filing date for [his] § 2255 motion had already passed."

5

>These allegations are not indicative of a reasonably diligent quest for information. Indeed, Anjulo-Lopez neither explained why he was "unable to communicate with anyone" about his appeal while in transit, nor described any thwarted attempts to check on the status of his appeal during that period. Instead, Anjulo-Lopez actually admitted he waited an entire year to even contact his attorney regarding his appeal. Given that "[the] statute's clear policy calls for promptness," his efforts fell far short of reasonable diligence.
>
>Moreover, there is every reason to believe that more prompt action on Anjulo-Lopez's part would have revealed counsel's failure to notice an appeal more than one year before he filed his motion. That an appeal had not been filed was a matter of public record. And we think it clear from the face of the motion and record here that a duly diligent person in Anjulo-Lopez's circumstances could have unearthed that information anytime after the deadline for filing the appeal passed. Indeed, as Anjulo-Lopez himself alleged in his original petition, when he finally did attempt to contact his attorney via letter (albeit, a letter that did not, apparently, directly ask whether an appeal had been filed), counsel responded by sending copies of the judgment and commitment order.

*Id.* at 818-19 (citations omitted).

For the reasons stated, the Eighth Circuit determined that § 2255(f)(4) was not applicable to Anjulo-Lopez, and the court affirmed the district court's decision not to hold an evidentiary hearing.

## II.     Defendant's Position

Noriega-Navarro's submitted a response to the government's brief at Filing No. 127.  In his response, he argues that his counsel was ineffective in not filing an appeal, after Noriega-Navarro allegedly told him to do so, but Noriega-Navarro presents no remotely credible explanation for his own delay in the filing of his § 2255 motion.

This Court concludes that Noriega-Navarro has not shown that he exercised any due diligence in pursuing the matter of his appeal.  As in the Anjulo-Lopez case, if Noriega-Navarro had been duly diligent, he would have discovered that no appeal had

been filed well over a year before he filed his § 2255 motion.  No evidentiary hearing is necessary or warranted, and Noriega-Navarro's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 119) is time-barred.

IT IS ORDERED:

1. The Plaintiff's Motion to Dismiss (Filing No. 125) is granted;

2. The Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Filing No. 119) is denied;

3. The Defendant's Motion for Leave to Proceed in Forma Pauperis (Filing No. 122) is denied as moot; and

4. The Clerk will send a copy of this Memorandum and Order to the Defendant's last known address.

Dated this 6th day of December, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge